## ACTION FOR DIVISION OF REAL ESTATE COMMISSIONS.

Circuit Court of Lorain County.

R. F. POWELL v. W. N. LITTLE.

Decided, April 29, 1908.

*Contract—Real Estate Commissions.*

In an action by a hotelkeeper against a real estate agent to recover on
a contract whereby the latter agreed to pay to the former one-half
of all commissions on sales made "to customers desirous of pur-
chasing real estate who should be introduced by the plaintiff to
the defendant," it is not error for the court to charge that should
the jury find that a person to whom the agent subsequently sold
real estate was not, at the time of introduction to defendant by
plaintiff, desirous of purchasing real estate, then the plaintiff has
failed to establish the performance of the contract on his side.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand related as they
stood below, the jury there having returned a verdict for de-
fendant. The plaintiff in error, Powell, being the landlord of
a hotel in the city of Lorain, claims to have entered into an
oral agreement with the defendant in error, Little, a real estate
agent of the same place, whereby the latter was to pay to the
former one-half of all commissions on sales made to customers
desirous of purchasing real estate who should be introduced by
Powell to Little. One Jane Miller was introduced by Powell to
Little and the latter made a number of sales to her from which
it is claimed that he received $3,675 in commissions. On plaint-
iff's demand, the defendant paid him $400, but refuses to pay
him the balance of $1,437.50 which he still claims.

The defenses interposed are, first, that no such agreement was
entered into; secondly, that at the time of Jane Miller's intro-
duction by Powell to Little, she was not in fact desirous of pur-
chasing real estate; thirdly, that the $400 was paid by way of
settlement of plaintiff's entire claim which defendant disputed.
and that after said settlement, Powell, treating his relations with
Little as ended, sought to defeat further sales through him to

said Jane Miller; and fourthly, a partial defense, namely, that defendant received only $2,250 in all by way of commission on sales to Jane Miller.

The whole testimony of the defendant Little, who was called by plaintiff for cross-examination, with his checks and statements in writing made to Powell, and also the testimony of Gilbert Lackey and F. A. Wilder, seem to show that a contract substantially as claimed was entered into between the parties and if the verdict of the jury hinged only upon this issue we should be inclined to hold that it is unsupported by the evidence.

Upon the issue, however, of Jane Miller's desire or intention in regard to the purchase of real estate at the time of her introduction to the defendant, she and Little both deny that she entertained or manifested any such purpose until it transpired that her desire to lease a storage warehouse could not be realized. The change of plan occurred, however, very speedily in Little's negotiation with his new found customer, insomuch that having convinced her of the impracticability of leasing and the necessity of buying outright such property as she desired to use, if her object was to be attained at all, he actually sold her several parcels of land within the next twenty-four hours.

This is, of course, a very narrow distinction to draw, and if the jury had found the other way upon this issue, in view of all the evidence relating to it, we should have been, perhaps, more content with the accuracy of their deduction. The narrowness of the distinction is, moreover, emphasized by defendant's third request to charge, which was granted, and the latter half of which is as follows:

"If you find from the evidence in this case that the contract alleged in plaintiff's petition was entered into by the parties thereto. then I say to you that it will be necessary for you to further consider the evidence in this case and determine whether the said Jane Miller was introduced to the defendant by plaintiff as a person desirous of purchasing real estate in the city of Lorain, Ohio, and should find from the evidence which has been given to you that at the time of said introduction the said Jane Miller was not desirous of purchasing real estate in the city of Lorain. then the plaintiff has failed to establish the performance of the contract on his side, if you find there was one, your verdict should be for the defendant."

This charge is complained of as misleading and as misstating the contract; and, indeed the words "introduced as a person desirous of purchasing real estate," when considered by themselves, might well be misleading, as laying stress upon a possible defect in the manner of introduction. But in the next phrase of the same sentence, the point on which the jury's finding on this issue is required to turn is, was or was not Jane Miller, at the time of the intoduction, in fact desirous of purchasing real estate in the city of Lorain?" Narrow as the distinction undoubtedly is, the request to charge follows the language of the petition in this respect. This charge was requested in writing to be given before argument, and the court could only grant or refuse it. It could not be modified. If the phraseology was ambiguous, it was plaintiff who first used it, and not only so, but he retained it in his second amended petition after he knew from defendant's answer to his former petition that it would be made the basis of this very distinction. Should the court have refused this request to charge that if the jury were of opinion that plaintiff had. not proved the fulfillment of the terms of his agreement as the same were recited in the plaintiff's petition, their verdict must be for the defendant? A majority of the court think not, and we find no error in the particulars thus discussed.

The exceptions reserved during the production of evidence we have examined one by one. Without rehearsing them here, we find that some exceptions to the exclusion of evidence are not supported by offers to prove. Others, particularly in the examination of the witness Coulter, are not sustainable, because of the hearsay rule. Suffice it to say that we find none of the assignments of error to be well founded and the judgment is affirmed.